IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAMUEL STAMPING TECHNOLOGIES, LLC, <br> 1760 Broadway Ave. <br> Hermitage, Pennsylvania 16148 <br><br> Plaintiff, <br><br> v. <br><br> THERMA-TRU CORP. <br> 1750 Indian Wood Circle <br> Maumee, Ohio 43537 <br><br> Defendant. | JUDGE: <br><br> MAGISTRATE JUDGE: <br><br> CASE NO: <br><br> **COMPLAINT FOR DESIGN PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Samuel Stamping Technologies, LLC ("SST"), for its Complaint against Therma-Tru Corp., alleges as follows:

## Nature of the Action

1. This is an action for design patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 et seq. This action arises by reason of Defendant's copying of SST's ornamental designs for door skins, described below.

## Parties

2. SST is organized under the laws of the State of Pennsylvania, with its principal place of business in Hermitage, Pennsylvania.

3. Defendant is an Ohio Corporation with its principal place of business in Maumee, Ohio.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

5. This Court has personal jurisdiction over Defendant because Defendant is an Ohio Corporation with its principal place of business in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Defendant is an Ohio corporation that resides in this district and has committed the acts of infringement complained of and has a regular and established place of business in this district.

## SST And Its Door Skin Design Patents

7. Beginning with a predecessor company, SST has been engaged in the steel service business for more than 40 years. Its work in various metal processing activities led to the stamping and design of steel door skins. Generally speaking, door skins are thin layers of material such as steel or fiberglass comprising the front and back surfaces of doors. Door skins attached to the front and/or back of a door frequently have ornamental designs, as exemplified by the three SST patented door skin designs described further below. Those patented designs have been highly successful for SST, which has stamped them for several door manufacturers and related companies, including Defendant.

8. In in particular, SST's three patented door skin designs at issue herein, depicted below, are protected by the following design patents, all of which remain in full

-3-

force and effect: US Design Patent No. D557,427, issued on December 11, 2007 (the "D427 patent"); US Design Patent No. D625,023, issued on October 5, 2010 (the "D023 patent"); and US Design Patent No. D635,276, issued on March 29, 2011 (the "D276 patent") (collectively, the "SST Patents").



| D557,427 | D625,023 | D635,276 |
|---|---|---|

### Defendant's Infringement Of the SST Design Patents

9. Commencing in 2006, SST stamped door skins covered by the SST Patents for a metal supplier, which in turn sold those doors to Defendant.

10. In late 2018, the metal supplier advised SST that it had learned that Defendant was planning to cease purchasing the doors for which SST stamped the skins with its patented designs and instead produce the same models in-house in a cost saving move. In early 2019, SST contacted an employee of Defendant about this information

and reminded that employee of the SST Patents, including the various ways in which SST had notified Defendant of those patents. The employee acknowledged notice of the SST Patents and claimed that its design for the same models would not infringe those patents, but did not offer to provide SST with information on the designs of its replacement doors.

11. Plaintiff determined that Defendant's replacement doors infringe the SST Patents when it was able to inspect them, and so advised Defendant in a letter dated August 22, 2019.

## Count I: Infringement of US Design Patent No. D557,427
### (35 U.S.C. § 271(a))

12. SST realleges and incorporates by reference the allegations of Paragraphs 1 through 11 above.

13. Defendant has copied the design of the door claimed in D427 Patent by making, importing, using, offering to sell, or selling in the United States, including in the State of Ohio and within this District, at least its Profiles 2 Panel Square Top Flush Style No. 978HD ("Profiles 978HD") door. A side-by-side comparison of the claimed design of the D427 patent, SST's commercial embodiment (previously sold to Defendant) and the Profiles 978HD door (from Defendant's website) is shown below.

| D427 Patent | SST Commercial Embodiment | Defendant's Profiles 978HD |
|---|---|---|
|  | | |

14. The design of Defendant's Profiles 978HD door is substantially the same as the design of the D427 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's Profiles 978HD door believing it to be substantially the same as the design protected by the D427 Patent.

15. Defendant's acts of infringement of the D427 Patent were undertaken without authority, permission or license from SST. Defendant's infringing activities violate 35 U.S.C. § 271.

16. Defendant's infringement has damaged SST. The injury to SST is irreparable and will continue unless and until Defendant is enjoined from further infringement.

17. SST has complied with the marking requirements set forth in 35 U.S.C. § 287 and has provided Defendant with appropriate notice of its infringement of the D427 Patent.

18. SST is entitled to an accounting of all revenue and profits derived by Defendant from its infringement of the D427 Patent, including without limitation, Defendant's total profit pursuant to 35 U.S.C. § 289.

19. SST is entitled to a permanent injunction preventing Defendant from further infringing the D427 Patent.

### Count II:  Infringement of US Design Patent No. D625,023
### (35 U.S.C. § 271(a))

20. SST realleges and incorporates by reference the allegations of Paragraphs 1 through 11 above.

21. Defendant has copied the design of the door claimed in D023 Patent by making, importing, using, offering to sell, or selling in the United States, including in the State of Ohio and within this District, at least its Profiles 2 Panel Soft Arch Flush Style No. 1005HD ("Profiles 1005HD") door. A side-by-side comparison of the claimed design of the D023 patent, SST's commercial embodiment (previously sold to Defendant) and the Profiles 1005HD door (from Defendant's website) is shown below.



22. The design of Defendant's Profiles 1005HD door is substantially the same as the design of the D023 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's Profiles 1005HD door believing it to be substantially the same as the design protected by the D023 Patent.

23. Defendant's acts of infringement of the D023 Patent were undertaken without authority, permission or license from SST. Defendant's infringing activities violate 35 U.S.C. § 271.

24. Defendant's infringement has damaged SST. The injury to SST is irreparable and will continue unless and until Defendant is enjoined from further infringement.

25. SST has complied with the marking requirements set forth in 35 U.S.C. § 287 and has provided Defendant with appropriate notice of its infringement of the D023 Patent.

26. SST is entitled to an accounting of all revenue and profits derived by Defendant from its infringement of the D023 Patent, including without limitation, Defendant's total profit pursuant to 35 U.S.C. § 289.

27. SST is entitled to a permanent injunction preventing Defendant from further infringing the D023 Patent.

### Count III: Infringement of US Design Patent No. D635,276
### (35 U.S.C. § 271(a))

28. SST realleges and incorporates by reference the allegations of Paragraphs 1 through 11 above.

29. Defendant has copied the design of the door claimed in D276 Patent by making, importing, using, offering to sell, or selling in the United States, including in the State of Ohio and within this District, at least its Profiles 2 Panel Plank Soft Arch Flush Style No. 205HD ("Profiles 205HD") door. A side-by-side comparison of the claimed design of the D276 patent, SST's commercial embodiment (previously sold to Defendant) and the Profiles 205HD door (from Defendant's website) is shown below.



30. The design of Defendant's Profiles 205HD door is substantially the same as the design of the D276 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's Profiles 205HD door believing it to be substantially the same as the design protected by the D276 Patent.

31. Defendant's acts of infringement of the D276 Patent were undertaken without authority, permission or license from SST. Defendant's infringing activities violate 35 U.S.C. § 271.

32. Defendant's infringement has damaged SST. The injury to SST is irreparable and will continue unless and until Defendant is enjoined from further infringement.

33. SST has complied with the marking requirements set forth in 35 U.S.C. § 287 and has provided Defendant with appropriate notice of its infringement of the D276 Patent.

34. SST is entitled to an accounting of all revenue and profits derived by Defendant from its infringement of the D276 Patent, including without limitation, Defendant's total profit pursuant to 35 U.S.C. § 289.

35. SST is entitled to a permanent injunction preventing Defendant from further infringing the D276 Patent.

## **Prayer For Relief**

WHEREFORE, Plaintiff SST prays for judgment as follows:

1. A judgment that Defendant infringes the SST Patents.

2. A permanent injunction enjoining Defendant, and all persons acting in concert with Defendant, from infringing the SST Patents.

3. A judgment and order requiring Defendant to pay SST all damages caused by Defendant's infringement of the SST Patents, but in no event less than the greater of a reasonable royalty pursuant to 35 U.S.C. § 284 or the total profit made by Defendant from its infringement of the SST Patents patent pursuant to 35 U.S.C. § 289.

4. A judgment and order requiring Defendant to pay SST supplemental

damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed.

5. A judgment and order requiring Defendant to pay SST increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284.

6. A judgment and order requiring Defendant to pay SST pre-judgment and post judgment interest on any damages or profits awarded.

7. A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285.

8. That SST have such other and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Samuel Stamping Technologies, LLC demands trial by jury for all claims and issues thus triable by right.

Dated: May 8, 2020

Respectfully submitted,

**Vorys, Sater, Seymour and Pease LLP**

/s/ *Michael J. Garvin*
Michael J. Garvin [0025394]
Aaron M. Williams [0090319]
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
mjgarvin@vorys.com
amwilliams@vorys.com

*Attorneys for Plaintiff Samuel Stamping Technologies, LLC*

Of counsel:

Brigid E. Sharek [0097834]
52 E. Gay St.
Columbus, OH 43215
Phone: (614) 464-6400
Fax: (614) 464-6350
besharek@vorys.com