UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Stamping Technologies, LLC,                Case No. 3:20-cv-1011

        Plaintiff,

  v.                                                                     MEMORANDUM OPINION
                                                          AND ORDER

Therma-Tru Corp.,

        Defendant.

## I. INTRODUCTION

Defendant Therma-Tru Corp. moves to dismiss the patent infringement claims asserted by Plaintiff Samuel Stamping Technologies, LLC ("SST"), for failure to state a claim upon which relief may be granted. (Doc. No. 14). SST has opposed Therma-Tru's motion, (Doc. No. 18), and Therma-Tru filed a brief in reply. (Doc. No. 19). For the reasons stated below, I deny the motion to dismiss.

## II. BACKGROUND

SST stamps skins – ornamental designs composed of steel or fiberglass which make up the front and back surfaces of a door – for door manufacturers. (Doc. No. 1 at 2). SST holds three patents for door skin designs: US Design Patent No. D557,427 (the "D427 patent"); US Design Patent No. D625,023 (the "D023 patent"); and US Design Patent No. D635,276 (the "D276 patent") (collectively, the "SST Patents"). (*Id.* at 3).

SST and Therma-Tru previously had a business relationship. SST stamped the door skins and provided them to a metal supplier, who sold doors with those skins to Therma-Tru. (*Id.* at 3). In 2018, the metal supplier reported to SST that Therma-Tru intended to produce its own doors and door skins internally instead of purchasing them from SST. (*Id.* at 3).

SST contacted Therma-Tru to inquire further and to remind Therma-Tru that SST held patents on the door skin designs. (*Id.* at 3-4). SST alleges Therma-Tru represented that its designs would not infringe upon the SST Patents. (*Id.* at 4). SST further alleges that, after it inspected the doors Therma-Tru designed, it notified Therma-Tru that it believed Therma-Tru's designs in fact infringed upon the SST Patents. (*Id.*).

This litigation followed. SST asserts three causes of action, claiming that Therma-Tru's design infringes upon each of the SST Patents, in violation of 35 U.S.C. § 271(a). (*Id.* at 4-10).

### III.  STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*,

550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

The determination of whether an accused article infringes upon a patented design "is based upon the design as a whole." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1363 (Fed. Cir. 2013) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008) (en banc)). Courts apply what is commonly referred to as the "ordinary observer" test:

> if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Hall*, 705 F.3d at 1363 (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)).

Therma-Tru argues SST's claims must be dismissed because: (a) the Complaint contains only "threadbare recitals of the elements of a cause of action", (b) SST relies on "one cherry-picked figure from each [patent] and omits all other views"; and (c) SST improperly compares Therma-Tru's product with SST's product, rather than the patented design. (*See* Doc. No. 14-1). I do not find Therma-Tru's arguments persuasive and deny its motion.

Therma-Tru first argues I should dismiss SST's claims because "for each of the three claims of design patent infringement, the Complaint's sole written comparison of each of the alleged Therma-Tru stamped door skins with each of the alleged SST door skin design patents consists of **<u>one</u>** generic sentence." (Doc. No. 14-1 at 13 (bolding, italics, and underlining in original)). Be that as it may, the Federal Circuit has explicitly "cautioned . . . trial courts about excessive reliance on a detailed verbal description in a design infringement case." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d

1294, 1302 (Fed. Cir. 2010) (citing *Egyptian Goddess,* 543 F.3d at 679). It is uncontroversial that "a design is better represented by an illustration 'than it could be by any description and a description would probably not be intelligible without the illustration.'" *Egyptian Goddess*, 543 F.3d at 679 (quoting *Dobson v. Dornan,* 118 U.S. 10, 14 (1886)).

SST compares the depiction of its patented designs with the depiction of Therma-Tru's products and asserts the "substantial [visual] similarities" between its designs and Therma-Tru's products, combined with Therma-Tru's manufacture and sale of those products, impermissibly infringes upon the SST patents. (Doc. No. 1 at 5, 7, and 9). Construing these allegations in the light most favorable to SST, the Complaint places Therma-Tru "'on notice of what activity . . . is being accused of infringement,'" and states a plausible claim for relief. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomm. Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

The fact that SST did not include every figure and view from the SST Patents in the Complaint, or attach the SST Patents as an exhibit, has no impact on the resolution of Therma-Tru's motion. (*Cf.* Doc. No. 14-1 at 14-18). I may consider public records in ruling upon a motion to dismiss, and there is no doubt that the visual depictions of a patented design are part of the public record. *See, e.g., Superior Fireplace Co. v. Majestic Prod. Co.*, 270 F.3d 1358, 1373 (Fed. Cir. 2001) ("[T]he public record[ ] consists of the original and corrected claims, the written description and drawings, and the prosecution history.").

Moreover, and contrary to Therma-Tru's argument, taking judicial notice of the figures SST did not include in the Complaint would not "redefine" SST's claims. (Doc. No. 19 at 13). The Complaint contains a reproduction of Figure 2 from each SST Patent. For example, the Complaint contains this image of Figure 2 of the D427 Patent:

4



(*See, e.g.,* Doc. No. 1 at 5; Doc. No. 18-1 at 3).

It is true the Complaint does not include these depictions of other figures from the D427 Patent:



5

(Doc. No. 18-1 at 4-5 (depicting a right-side view, a top view, and two cross-sectional views)).

It is difficult to describe Therma-Tru's omission-and-redefinition argument as anything other than meritless.  The pertinent question is this: "is the effect of the whole design substantially the same?"  *Gorham*, 81 U.S. at 530.  The ordinary observer undoubtedly would be concerned with the front view of the doors, which provides the most comprehensive representation of the product, and not the fragmentary picture offered by the right-side, top, or cross-sectional views.

Finally, Therma-Tru asserts SST has failed to state a plausible claim for relief because "[t]he Complaint repeatedly references '[a] side-by-side comparison of … SST's commercial embodiment' with something allegedly sold by Therma-Tru."  (Doc. No. 14-1 at 23 (first alteration added)).  While the Complaint does include a visual depiction of SST's commercial embodiment of each of the SST Patents, (*see, e.g.,* Doc. No. 1 at 4-5), the Complaint also includes a visual depiction of each patented design and explicitly alleges that Therma-Tru's products are "nearly identical" to the design of each of the SST Patents, "such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Defendant's [product]."  (*Id.* at 5).  Therma-Tru fails to show that SST's inclusion of depictions of its commercial products undermines the plausibility of its actual infringement allegations.

## V.    CONCLUSION

SST's Complaint plainly puts Therma-Tru on notice of the activity that allegedly infringes upon the SST Patents.  Therefore, and for the reasons stated above, I deny Therma-Tru's motion to dismiss.  (Doc. No. 14).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

6