UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Stamping Technologies, LLC,                    Case No. 3:20-cv-1011

        Plaintiff,

v.                                                    MEMORANDUM OPINION
                                                      AND ORDER

Therma-Tru Corp.,

        Defendant.

## I. INTRODUCTION

Plaintiff Samuel Stamping Technologies, LLC ("SST"), asserts three causes of action for patent infringement against Defendant Therma-Tru Corp, alleging violations of 35 U.S.C. § 271(a). (Doc. No. 1). The parties have filed their claim construction briefs, as well as briefs in response to the opposing side's claim construction brief. (Doc. Nos. 20, 21, 31, and 33). For the reasons stated below, I decline to issue a ruling on indefiniteness or to adopt a claim construction at this time.

## II. BACKGROUND

I previously summarized the allegations in the Complaint as follows:

SST stamps skins – ornamental designs composed of steel or fiberglass which make up the front and back surfaces of a door – for door manufacturers. (Doc. No. 1 at 2). SST holds three patents for door skin designs: US Design Patent No. D557,427 (the "D427 patent"); US Design Patent No. D625,023 (the "D023 patent"); and US Design Patent No. D635,276 (the "D276 patent") (collectively, the "SST Patents"). (*Id.* at 3).

SST and Therma-Tru previously had a business relationship. SST stamped the door skins and provided them to a metal supplier, who sold doors with those skins to Therma-Tru. (*Id.* at 3). In 2018, the metal supplier reported to SST that Therma-

> Tru intended to produce its own doors and door skins internally instead of purchasing them from SST. (*Id.* at 3).
>
> SST contacted Therma-Tru to inquire further and to remind Therma-Tru that SST held patents on the door skin designs. (*Id.* at 3-4). SST alleges Therma-Tru represented that its designs would not infringe upon the SST Patents. (*Id.* at 4). SST further alleges that, after it inspected the doors Therma-Tru designed, it notified Therma-Tru that it believed Therma-Tru's designs in fact infringed upon the SST Patents. (*Id.*).

(Doc. No. 36 at 1-2).

Therma-Tru contends the patents are invalid because they have several internally inconsistent drawings. (Doc. No. 21 at 7-21). SST argues I should decline to adopt a written construction of the claimed designs and allow the illustrations contained in the patents to describe the patented claims. (Doc. No. 20). SST also argues that any ruling on indefiniteness is premature, and that the patents are not indefinite when viewed from the perspective of a person of ordinary skill in the art. (Doc. No. 33 at 6-8, 10-18).

### III. STANDARD

In construing terms contained in a patent claim, a court must give those terms their "ordinary and customary meaning," which is the meaning "the term would have to a person of ordinary skill in the art in question at the time of the invention . . . ." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). The "primary resources" for determining that meaning are the claims, the remaining portions of the patent, and the patent's prosecution history – "together, the intrinsic evidence of the meaning of the claims." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1329 (Fed. Cir. 2008) (citing *Phillips*, 415 F.3d at 1318).

### IV. ANALYSIS

The parties agree that the first question to be answered is whether the patents are sufficiently definite. The Supreme Court has stated "[t]he Patent Act requires that a patent specification 'conclude with one or more claims *particularly pointing out and distinctly claiming* the subject matter which

2

the applicant regards as [the] invention.'" *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014) (quoting 35 U.S.C. § 112, ¶ 2 (2006 ed.)) (emphasis added and second alteration by *Nautilus*). The *Nautilus* Court held that the appropriate standard to be used in determining if "a patent is invalid for indefiniteness [is] if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus*, 572 U.S at 901.

The patents at issue in this case are design patents. They contain a very brief statement of the patented claim[1] and several figures depicting different views of the design. (*See* Doc. Nos. 18-1, 18-2, and 18-3). The Federal Circuit previously has noted "[d]esign patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988). A "visual disclosure [in a design patent] may be inadequate – and its associated claim indefinite – if it includes multiple, internally inconsistent drawings." *In re Maatita*, 900 F.3d 1369, 1375 (Fed. Cir. 2018) (citing *Times Three Clothier, LLC v. Spanx, Inc.*, Case Nos. 13-cv-2157, 13-cv-7260, 2014 WL 1688130, at *7-9 (S.D.N.Y. 2014)). The party seeking to invalidate a design patent must provide clear and convincing evidence of indefiniteness. *See, e.g., Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020); *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).

The parties also agree there are multiple inconsistencies in the visual depictions of the patents. (*See* Doc. No. 33-1 at 10). SST's expert Steven Visser agreed with Therma-Tru's expert Dr. Jonathan Cagan that there is "one inconsistency in . . . all three patents. The horizontal section views indicate that the molding around the panel is recessed and the vertical section views indicate

---

[1] For example, in Patent No. US D557,427 S, the patented claim is for "[t]he ornamental design for a high definition two panel door skin, as shown and described." (Doc. No. 18-1 at 1).

that the molding is raised." (*Id.*); (*see also* Doc. No. 22-6 at 3, 5; Doc. No. 22-10 at 3, 5; Doc. No. 22-12 at 3, 5).

But the parties disagree as to the importance of that inconsistency. Visser opines the inconsistency arose during the patent application process, when the patent examiner requested that the patentee modify the view of the door depicted in some of the figures. (Doc. No. 33-1 at 32-35). SST, relying on Visser's opinion, argues a person skilled in the art would recognize the inconsistency in the molding figures and reconcile the inconsistency by reference to the prosecution history and by flipping the arrows indicating a raised molding, thus concluding that the patents claim a design with a recessed panel molding rather than a raised molding. (Doc. No. 33 at 10-13).

Therma-Tru contends flipping the arrows would impermissibly change the visual disclosures in the patents and, relying on Dr. Cagan's opinion, further contends that there are additional inconsistencies which render the patents indefinite. (Doc. No. 21 at 13-15).

I conclude the parties' disagreement about whether a person skilled in the art would understand how to reproduce the claimed design is a question of fact which is not appropriate for resolution at this early stage of the case. *See, e.g., Bombardier Recreational Prod. Inc. v. Arctic Cat Inc.*, 785 F. App'x 858, 867 (Fed. Cir. 2019) ("The question of definiteness thus required the resolution of critical factual issues and was properly before the jury."); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, 809 F. App'x 965, 974 (Fed. Cir. 2020) ("This court does not engage in fact finding, nor does it weigh the credibility of expert testimony."). While discovery and subsequent litigation practice may ultimately provided a clear resolution of this point, I conclude it would be premature for me to resolve this dispute at this time. Further, because the question of indefiniteness remains pending, I am unable to adopt a claim construction of the patents at this time either.

4

## V. CONCLUSION

For the reasons stated above, I decline to adopt a construction of the claims contained in the SST Patents.

Further, I grant the parties' joint motion for a case management conference. (Doc. No. 42). A date and time for that conference will be issued shortly.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge