UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Stamping Technologies, LLC,            Case No. 3:20-cv-1011

        Plaintiff,

v.                                               MEMORANDUM OPINION
                                                            AND ORDER

Therma-Tru Corp.,

        Defendant.

## I. INTRODUCTION

Plaintiff Samuel Stamping Technologies, LLC ("SST") and Defendant Therma-Tru Corp. have filed motions in limine seeking to exclude certain testimony from the expert witness designated by the opposing party. (Doc. Nos. 53 and 55). Those motions have been fully briefed. (Doc. Nos. 61, 62, and 65). For the reasons stated below, I deny both motions.

## II. STANDARD

Rule 702 permits the use of expert testimony in the following circumstances:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"District courts, as gatekeepers, must . . . ensure that all expert testimony is rooted in firm scientific or technical ground." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1373 (Fed. Cir. 2013) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589-90 (1993); *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 148 (1999)). District courts apply the law of the Circuit Court of Appeals in which they sit to determine whether the jury should be permitted to hear proposed expert testimony. *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1323 (Fed. Cir. 2016) (citation omitted).

"The test for relevancy is one of 'fit,' meaning the testimony must be sufficiently related to the facts of the case such that it will aid the trier of fact in understanding the evidence or determining a fact in issue." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 250 F. Supp. 3d 244, 253 (W.D. Ky. 2017) (citing *Daubert*, 509 U.S. at 591). "[A] determination that proffered expert testimony is reliable does not indicate, in any way, the correctness or truthfulness of such an opinion." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008). *See also id.* (noting "a court must be sure not 'to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.'" (quoting Fed. R. Evid. 702 advisory committee note, 2000 amend.)). "The task for the district court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal.*, 527 F.3d at 529-30 (citations omitted).

### III.　DISCUSSION

This case is set for a jury trial on the limited issue of whether the claims depicted in three design patents obtained by SST are invalid because the claims are indefinite. As I previously stated, "the appropriate standard to be used in determining if 'a patent is invalid for indefiniteness [is] if its

2

claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.'" (Doc. No. 43 at 3) (quoting *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S 898, 901 (2014)).

### A.  VISSER

Therma-Tru moves to exclude from this trial the testimony of Steven Visser, SST's expert witness, on the basis that "Visser's opinions and testimony are based upon unreliable and improper methodologies and do not reflect a reliable application of correct principles and methods to the case." (Doc. No. 55 at 1-2). Therma-Tru primarily takes issue with Visser's testimony that a person of ordinary skill in the art – the hypothetical lens through which indefiniteness must be judged – would recognize any mistakes in the patents, "correct" those mistakes to remedy any internal inconsistencies, and be able to understand the claimed design. (*Id.* at 8-10). Therma-Tru also argues Visser's testimony should be excluded because Visser opines that a person of ordinary skill in the art would view the patent drawings in a way that differs from the ANSI standard discussed in the United States Patent and Trademark Office's ("USPTO") Manual of Patent Examining Procedure and its Design Patent Application Guide. (*Id.* at 11-13).

Therma-Tru's arguments are not persuasive. It has not cited to any case in which a court has held the USPTO publications establish an irrebuttable standard. Nor has it pointed to any evidence that Visser's methods have been rejected in the relevant scientific community. As SST argues, the USPTO's apparent preference for the ANSI standard does not require the exclusion of all other methodologies. (*See* Doc. No. 62 at 10-12). Therma-Tru has not shown Visser's methodology is not reliable, and it will be for the jury to determine whether his testimony is credible.[1]

---

[1] *See, e.g., BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003) (holding indefiniteness "is amendable to resolution by the jury where the issues are factual in nature"); *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 809 F.3d 1223, 1226 (Fed. Cir. 2015) (Mem. Op.) (Moore, J., concurring) ("We have consistently permitted courts to submit legal questions which contain underlying factual issues, like obviousness, enablement, or indefiniteness, to the jury.") (citing cases).

### B. CAGAN

SST moves to prohibit Jonathan Cagan, Ph.D., P.E., from offering any testimony regarding the identity, qualifications, or experience of a person of ordinary skill in the art. (Doc. No. 53). SST contends Therma-Tru failed "to timely and adequately disclose Dr. Cagan's opinion as to the identity, qualifications, and experiences of a person of ordinary skill in the art, as well as the basis thereof, or that Dr. Cagan even considered a person of skill in the art" and therefore should not be permitted to present testimony from Cagan on that issue at trial. (*Id.* at 4).

Rule 26 requires a testifying expert to produce a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). SST argues Cagan's written report did not contain his opinion on the identity of a person of ordinary skill in the art and that I should prevent Cagan from testifying about this issue pursuant to Rule 37, because Cagan's alleged failure to provide this information was not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

SST's argument is not persuasive. It is true that Cagan did not provide an explicit definition of a "person of ordinary skill in the art" in his report. But Cagan stated repeatedly in his January 19, 2021 declaration that his analysis would not change if Visser's definition was used. (*See, e.g.,* Doc. No. 22 at 23 n.9). His deposition testimony did not differ from his declaration in any meaningful way. (*See* Doc. No. 53 at 7-8).

Moreover, SST has not identified any harm it might have suffered through Cagan's adoption of Visser's definition. SST asserts Cagan waited until 10 days before the close of discovery to disclose that his definition was "'pretty close'" to Visser's definition and this late disclosure

4

"prevented Samuel Stamping and its expert, Professor Visser, from considering any meaningful rebuttal to Dr. Cagan's limited disclosure or whether that limited disclosure is consistent with Dr. Cagan's other opinions in this case." (*Id.* at 9).

But SST had the opportunity to challenge Cagan's statement and his application of Visser's definition to his analysis during his deposition. Moreover, it is difficult to imagine what basis SST and Visser might have to attempt to rebut Cagan's statement, given that Cagan effectively adopted Visser's definition of a person of ordinary skill in the art. Again, the question of whether Cagan's analysis is credible is a matter for the jury to decide.

## IV. CONCLUSION

For the reasons stated above, I deny SST's motion to exclude the testimony of Dr. Cagan and Therma-Tru's motion to exclude the testimony of Professor Visser. (Doc. Nos. 53 and 55).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5