UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Stamping Technologies, LLC,　　　　　　　　Case No. 3:20-cv-1011

   Plaintiff,

v.　　　　　　　　MEMORANDUM OPINION
　　　　　　　　AND ORDER

Therma-Tru Corp.,

   Defendant.

## I. Introduction

On February 21, 2024, a jury trial began on the limited issue of whether the three patents at issue in this litigation are indefinite. After listening to testimony and the arguments of counsel, the jury concluded that none of the three patents are invalid due to indefiniteness. (Doc. Nos. 70, 71, and 72). Defendant Therma-Tru Corp. subsequently filed a motion for entry of judgment in its favor. (Doc. No. 88). Plaintiff Samuel Stamping Technologies, LLC, ("SST"), filed a brief in opposition to that motion, (Doc. No. 90), and Therma-Tru filed a brief in reply. (Doc. No. 91). For the reasons stated below, I deny Therma-Tru's motion.

## II. Background

I previously summarized the allegations in the Complaint as follows:

> SST stamps skins – ornamental designs composed of steel or fiberglass which make up the front and back surfaces of a door – for door manufacturers. (Doc. No. 1 at 2). SST holds three patents for door skin designs: US Design Patent No. D557,427 (the "D427 patent"); US Design Patent No. D625,023 (the "D023 patent"); and US

> Design Patent No. D635,276 (the "D276 patent") (collectively, the "SST Patents"). (*Id.* at 3).
>
> SST and Therma-Tru previously had a business relationship. SST stamped the door skins and provided them to a metal supplier, who sold doors with those skins to Therma-Tru. (*Id.* at 3). In 2018, the metal supplier reported to SST that Therma-Tru intended to produce its own doors and door skins internally instead of purchasing them from SST. (*Id.* at 3).
>
> SST contacted Therma-Tru to inquire further and to remind Therma-Tru that SST held patents on the door skin designs. (*Id.* at 3-4). SST alleges Therma-Tru represented that its designs would not infringe upon the SST Patents. (*Id.* at 4). SST further alleges that, after it inspected the doors Therma-Tru designed, it notified Therma-Tru that it believed Therma-Tru's designs in fact infringed upon the SST Patents. (*Id.*).

(Doc. No. 36 at 1-2).

As I noted above, this case proceeded to a jury trial on the limited issue of whether the design patent claims were indefinite and therefore invalid. SST presented testimony from Professor Steven Visser on the issue of indefiniteness, while Therma-Tru presented testimony from Dr. Jonathan Cagan. I denied SST's motion for entry of judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 following the close of Therma-Tru's case, and I likewise denied Therma-Tru's Rule 50 motion at the close of all the evidence. (*See* non-document entries dated February 22, 2023 & February 23, 2023). After listening to the evidence and the arguments of counsel, the jury concluded Therma-Tru had not carried its burden to show the patents were indefinite. (Doc. Nos. 70, 71, & 72).

### III. DISCUSSION

#### A. RULE 52

Therma-Tru first argues that indefiniteness is a legal question for a judge to decide and that, therefore, the jury's verdict "at best is a nonbinding advisory verdict." (Doc. No. 89 at 8). It contends I can and should set aside the jury's findings, make my own factual findings, and enter my own conclusions of law pursuant to Federal Rule of Civil Procedure 52. *See* Fed. R. Civ. P. 52(a)(1)

2

("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.").

Therma-Tru's argument in essence is a motion for reconsideration of my earlier ruling that "the parties' disagreement about whether a person skilled in the art would understand how to reproduce the claimed design is a question of fact which is not appropriate for resolution at this early stage of the case." (Doc. No. 43 at 4) (citing *Bombardier Recreational Prod. Inc. v. Arctic Cat Inc.*, 785 F. App'x 858, 867 (Fed. Cir. 2019),[1] for the proposition that "[t]he question of definiteness thus required the resolution of critical factual issues and was properly before the jury."). *See also BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003) ("[D]efiniteness, too, is amenable to resolution by the jury where the issues are factual in nature."); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H (BGS), 2016 WL 7326609, at *3 (S.D. Cal. Jan. 12, 2016), *aff'd,* 875 F.3d 1369 (Fed. Cir. 2017) ("Indefiniteness is a question of law involving underlying factual determinations.") (citing *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1341 (Fed. Cir. 2015) and *Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1299 (Fed. Cir. 2010)).

Therma-Tru has not identified any legal basis for its conclusion that the jury in this case was only advisory and nonbinding, and that I can dismiss the jury's verdict and adopt my own factual findings and conclusions of law pursuant to Rule 52. Therefore, I deny Therma-Tru's motion on this basis.

### B.  RULE 50

Rule 50 permits a party to renew its motion for entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). "A renewed motion for a judgment as a matter of law following an adverse jury verdict 'may only be granted if, when viewing the evidence in a light most favorable to the non-

---

[1] Much like this case, the *Bombardier* court impaneled a jury to address the question of definiteness of a patent because the evidence on that question "was almost exclusively extrinsic, in large part encompassing warring expert testimony." 785 F. App'x at 867.

moving party, giving that party the benefit of all reasonable inferences[,] . . . reasonable minds could come to but one conclusion in favor of the moving party.'" *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012), *aff'd,* 572 U.S. 118 (2014) (quoting *Barnes v. City of Cincinnati,* 401 F.3d 729, 736 (6th Cir. 2005)) (alteration added). "Judgment as a matter of law is appropriate only where there is no 'legally sufficient evidentiary basis' for a reasonable jury 'to find for the [non-moving] party on that issue.'" *Static Control*, 697 F.3d at 414 (quoting Fed. R. Civ. P. 50(a)(1). A court considering a Rule 50 motion "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted).

Therma-Tru argues the jury did not have a legally sufficient evidentiary basis to find in favor of SST because the multiple inconsistencies in the three design patents are undisputed and case law requires courts to conclude that patents with multiple inconsistencies are indefinite. (Doc. No. 89 at 20-26).

This is not a correct statement of the law. It is true that "[a] visual disclosure may be inadequate—and its associated claim indefinite—if it includes multiple, internally inconsistent drawings." *In re Maatita*, 900 F.3d 1369, 1375 (Fed. Cir. 2018) (citation omitted). But a patent's claims are indefinite only if the claims, "viewed in light of the specification and prosecution history, [fail to] inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014).

The Supreme Court noted that "[t]he definiteness requirement, so understood, mandates clarity, while recognizing that absolute precision is unattainable." *Id.* Further, "[e]rrors and inconsistencies between drawings do not merit a § 112 rejection . . . if they do not preclude the overall understanding of the drawing as a whole." *In re Maatita*, 900 F.3d at 1375–76 (citation and quotation marks omitted). Thus, multiple inconsistencies in a design patent claim are not

4

automatically fatal because those inconsistencies may be reconciled by a person of ordinary skill in the art viewing the claim in light of the specification and prosecution history.

Therma-Tru attempts to circumvent these principles by arguing there were no factual disputes "present in this case because the indefiniteness challenge is based [only] on admitted inconsistencies." (Doc. No. 91 at 5). Therma-Tru contends there was no "conflicting testimony about whether a person of skill in the art would know how [to] make something," and that "the issue for the Court is not dependent upon selecting from the conflicting expert opinions on the proper viewing methodology for the patent drawings." (*Id.*). Instead, Therma-Tru believes, Professor Visser's testimony about his "legally erroneous viewing methodology" failed to address "the factual question of why a [person of ordinary skill in the art] would know to ignore raised drawings over recessed drawings." (*Id.* at 7).

But as SST points out, Professor Visser testified about this precise point when he testified that a person of ordinary skill in the art would recognize that the cross section would be recessed rather than raised because the drawings of the ogee sections of the door panels on each of the three patents so indicate:

> The molding has what's called an ogee, which is a cove going down, a bead going up, and then it's got a series of steps to the other side of the molding. … [W]ith a recessed molding, you would see it go down first and then come up. With a raised molding, you would see bead first and the cove second. So from the corner, it would start going up as opposed to, with a recess, it would start going down.
> . . .
> [S]eeing the way that the cove was on the outside, the bead on the inside[,] would tell a person of ordinary skill how to orient that cross section in the door . . . [and] show it recessed.

(Doc. No. 82 at 189-90, 196).

Professor Visser's testimony provided a "legally sufficient evidentiary basis for a reasonable jury to find" in favor of SST on the issue of whether the inconsistencies in the patents would prevent a person of ordinary skill in the art from understanding the scope of the design patents with

5

reasonable certainty. *Static Control*, 697 F.3d at 414 (citation and internal quotation marks omitted). Therma-Tru's disagreement with the jury's conclusion that it did not carry its burden of proof on this issue is not an appropriate basis for entry of judgment in its favor.

## V.  CONCLUSION

For the reasons stated above, I deny Defendant Therma-Tru's motion for entry of judgment. (Doc. No. 88).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

6