UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samuel Stamping Technologies, LLC,              Case No.  3:20-cv-1011

                Plaintiff,

      v.                                              MEMORANDUM OPINION
                                     AND ORDER

Therma-Tru Corp.,

                Defendant.

## I.  INTRODUCTION

Defendant Therma-Tru Corporation filed a motion for partial summary judgment, arguing

Plaintiff Samuel Stamping Technologies, LLC ("SST"), should be estopped from arguing that the

relevant article of manufacture in this case is a door rather than a door skin.  (Doc. No. 116).  SST

opposed Therma-Tru's motion, (Doc. No. 118), and Therma-Tru filed a brief in reply.  (Doc. No.

119).  SST then filed a motion to exclude consideration of certain arguments Therma-Tru offered in

its reply brief or, in the alternative, for leave to file a sur-reply brief.  (Doc. No. 120).  Therma-Tru

opposed that motion.  (Doc. No. 121).  For the reasons stated below, I deny both motions.

## II.  BACKGROUND

SST alleges Therma-Tru infringed upon three design patents it holds.  Therma-Tru

challenged the patents as unenforceable due to indefiniteness, but a jury concluded Therma-Tru had

not carried its burden to show by clear and convincing evidence that a person of ordinary skill in the

art would be unable to understand the scope of the design patents with reasonable certainty. (Doc. Nos. 70, 71, and 72).

Therma-Tru argues that, to reach those conclusions, the jury had to conclude "that the ordinary designer would . . . view the designs as door skins laying down not as doors standing up," and, therefore, the article of manufacture as contemplated by SST's patents is a door skin rather than a door. (Doc. No. 116 at 5). The parties agree that the determination of whether the article of manufacture is a door or a door skin is integral to the proper calculation of disgorgement damages if Therma-Tru is found to have infringed upon SST's patents. (*Id.*; Doc. No. 118 at 14-15).

### III.    STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the [record] . . . ,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.

Once the movant meets this burden, the opposing party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

When the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position.

*Celotex*, 477 U.S. at 324; *see also Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). But "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter.'" *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). Therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, I must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**IV.**    **ANALYSIS**

**A.**    **JUDICIAL ESTOPPEL**

"'[T]he doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position "either as a preliminary matter or as part of a final disposition."'" *Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, 855 F. App'x 239, 243 (6th Cir. 2021) (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (further quoting *Teledyne Indus., Inc. v.*

3

*NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990))).  "The essential function of judicial estoppel is to prevent intentional inconsistency; the object of the rule is to protect the judiciary, as an institution, from the perversion of judicial machinery."  *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982).  Courts should apply judicial estoppel "with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'"  *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus.*, 911 F.2d at 1218).

Therma-Tru contends the doctrine of judicial estoppel prohibits SST from taking what Therma-Tru sees as contradictory positions – first, during the jury trial on the issue of indefiniteness, that the article of manufacture is a door skin and second, now asserting that the article of manufacture is a door.  SST argues judicial estoppel does not apply because it did not argue during the trial that the article of manufacture is a door skin and, even if it did, neither the jury nor I adopted that position.

I do not find Therma-Tru's arguments persuasive.  Judicial estoppel "'only applies when the positions at issue are clearly contradictory and the estopped party's conduct involves more than mistake or inadvertence.'"  *Shufeldt*, 855 F. App'x at 243 (quoting *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 575 (6th Cir. 2020)).  Counsel and witnesses for both sides made various references to doors and door skins, and the record does not support Therma-Tru's contention that SST took the definitive position that the article of manufacture contemplated by the design patents could only be a door skin.  (*See* Doc. Nos. 81, 82, and 83).

Moreover, even if I assume Therma-Tru could carry its burden to show SST previously asserted a contradictory position, I conclude it has not met its burden to show either the jury or I adopted that position.  To prove its indefiniteness defense, Therma-Tru was required to show "by clear and convincing evidence that each design patent fails to inform, with reasonable certainty, a

person of ordinary skill in the art, viewing the design as would an ordinary observer, about the scope of the design patent based on the claim and specification." (Doc. No. 74 at 16). Thus, it was Therma-Tru's burden to prove the patents were indefinite; it was not SST's burden to prove the patents are valid. I am not persuaded that the jury was required to make any conclusions about the relevant article of manufacture before it could conclude Therma-Tru failed to carry its burden.

Further, in denying Therma-Tru's Rule 50 motion for entry of judgment in its favor, I concluded only that the evidence, viewed "in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences," *Barnes v. City of Cincinnati,* 401 F.3d 729, 736 (6th Cir. 2005), was sufficient to support the jury's conclusion that Therma-Tru had not carried its burden of proof. (*See* Doc. No. 96 at 3-6). I did not determine the relevant article of manufacture because that issue was not before me.

I conclude Therma-Tru failed to carry its burden to establish the doctrine of judicial estoppel applies in this case, and therefore, I deny its motion for summary judgment on this basis.

**B.      MOTION FOR LEAVE**

In its reply brief, Therma-Tru argued for the first time that I could determine the relevant article of manufacture on summary judgment by ruling on the disgorgement of profits pursuant to 35 U.S.C. § 289. (Doc. No. 119 at 11-19). SST filed a motion for relief, arguing I should not consider Therma-Tru's new arguments or, in the alternative, grant SST leave to file a sur-reply brief. (Doc. No. 120). Therma-Tru opposes SST's motion, arguing it raised the issue in a footnote in their initial brief and that it was merely responding to SST's arguments in its opposition brief in elaborating on that basis for relief. (Doc. No. 121).

I conclude Therma-Tru did not adequately raise this basis for relief in its initial motion and that its reply brief exceeded the scope of SST's opposition brief. But I also conclude that the remedy of disgorgement of profits under § 289 is within the Court's purview and not subject to a

jury's determination.  *See, e.g., Red Carpet Studios v. Midwest Trading Grp., Inc.*, No. 1:12CV501, 2021 WL 1172218, at *3 (S.D. Ohio Mar. 29, 2021) (citing cases).

Therefore, I conclude that, in the interests of efficiency, it is appropriate to grant Therma-Tru leave to file a second motion for summary judgment on this limited basis.  Therma-Tru shall file any such motion on or before June 5, 2026.  SST shall file its brief in response on or before July 10, 2026, and Therma-Tru shall file its reply brief, if any, on or before July 24, 2026.

## V.     CONCLUSION

For the reasons stated above, I deny Defendant Therma-Tru Corp.'s motion for summary judgment, (Doc. No. 116), and Plaintiff Samuel Stamping Technologies, LLC's motion for relief. (Doc. No. 120).  Further, as described in greater detail above, I grant Therma-Tru leave to file a second motion for summary judgment on or before June 5, 2026.  SST shall file its brief in response on or before July 10, 2026, and Therma-Tru shall file its reply brief, if any, no later than July 24, 2026.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

6